1  **O'HAGAN MEYER**
2  THEODORE C. PETERS (SBN 235115)
3  1601 Pacific Coast Highway, Suite 290
   Hermosa Beach, CA 90254
4  Tel: 310.807.1100 | Fax: 310.807.1115
   Email: tpeters@ohaganmeyer.com
5

6  *Attorneys for Defendant*
7  *WALMART INC.*

8

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11

12

13  JANA GUAGLIARDO, an individual,        Case No.

14                 Plaintiff,              **NOTICE OF REMOVAL OF
                                           ACTION UNDER 28 U.S.C. §**
15         vs.                             **1441(b) DIVERSITY BY
                                           DEFENDANT WALMART INC.**
16

17                                         [Filed concurrently with Civil Cover
    WALMART INC., a Delaware               Sheet and Notice of Interested Parties]
18  corporation; LYNNSIE, an individual;
    and DOES 1-25, inclusive.             Complaint Filed: July 30, 2021
19

20                 Defendants.

21

22

23

24

25

26

27

28

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) DIVERSITY
BY DEFENDANT WALMART INC.**

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Walmart Inc. ("Defendant") hereby removes this civil action from the Superior Court of California for the County of Los Angeles, where it is currently pending as Case No. 21AVCV00609, to the United States District Court for the Central District of California, Western Division.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) on the grounds that complete diversity exists between all parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff Jana Guagliardo is a resident, citizen and domiciliary of the State of California. Defendant is a Delaware corporation with its principal place of business in the State of Arkansas.

## BACKGROUND

On July 30, 2021, an action was commenced in the Superior Court of the State of California in and for the County of Los Angeles, entitled *Jana Guagliardo, an individual, v. Walmart, Inc., a Delaware corporation, Lynssie, an individual, and DOES 1-25, inclusive,*" as Case Number 21AVCV00609. Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons and Complaint is attached hereto as **Exhibit 1**.

Walmart Inc. has been served with a copy of the Summons and Complaint. To the best of Defendant's knowledge, the Summons and Complaint have <u>not</u> been served on Defendant "Lynssie."

Plaintiff asserts in the Complaint two causes of action, for negligence and premises liability, arising out of a slip and fall incident that allegedly occurred in one of Defendant's retail stores located in Palmdale, California, on or about August 6, 2019. Plaintiff claims that as a result of her slip and fall, she sustained serious and permanent injuries. In a February 2, 2022 Statement of Damages, Plaintiff asserts that she is entitled to general damages in excess of $1,000,000.00

2

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) DIVERSITY
BY DEFENDANT WALMART INC.

and special damages in excess of $1,000,000.00. A copy of Plaintiff's Statement of Damages is attached hereto as **Exhibit 2**.

As reflected on **Exhibit 1**, Plaintiff's Complaint was filed in California Superior Court on July 30, 2021.  However, Plaintiff did not serve Defendant with the Complaint until February 7, 2022, more than six (6) months later.

## GROUNDS FOR REMOVAL

As set forth more fully below, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]"

### I.    The Amount-In-Controversy Requirement is Satisfied.

Plaintiff's Complaint does not specify the amount of damages sought by way of her action. Pursuant to California Code of Civil Procedure §§ 425.10 and 425.11, a plaintiff in a personal injury action is not permitted to include a specific damages prayer in her complaint.  Upon request, however, she is required to provide a detailed statement of damages within fifteen (15) days.  Before Plaintiff served Defendant with the Summons and Complaint, however, she prepared and caused to be served *with* the Complaint, her "Statement of Damages." (**Exhibit 2**) Therein, Plaintiff asserts damages of not less than $1,000,000.00 in general damages, and not less than $1,000,000.00 in special damages.

District Courts within the Ninth Circuit have reached varied decisions as to whether to treat statements of damage as sufficient to establish the amount in controversy.  "Generally, the statement of damages is not conclusive but can be "strong evidence" of the amount in controversy – evidence that is adequate to meet defendant's burden, depending on the circumstances." *Brovold v. Safeway Inc.* No. 3:20-vc-05792-BHS-JRC, 2020 WL 6566164, at *2 (W.D. Wa. Oct. 14, 2020), citing *Mozingo v. Japan Airlines Co.,* No. 20-CV-583 JLS (AGS), 2020

WL 2092913, at *2 (S.D. Cal. May 1, 2020) (remanding matter where statement of damages asserted $265,000 in damages but only $15,000 had been paid to date for medical expenses and the remainder of the calculation was entirely conclusory and unrealistic); *Flores v. Safeway, Inc.*, No. C19-0825-JCC, 2019 WL 4849488, at *1 (W.D. Wash. Oct. 1, 2019) (denying motion to remand where statement of damages gave a specific estimate of the amount sought, which appeared reasonable and which plaintiff did not disavow); *Jackson v. Target Corp.,* No. CV086814RSWLVBKX, at *1 (C.D. Cal. Dec. 22, 2008) (denying motion for remand where it was not a "bold optimistic prediction" to presume that plaintiff sought at least $75,000 where she alleged $783,205 in damages, including emotional distress, pain, suffering and inconvenience, loss of future earning capacity, and future medical expenses); *Ortiz v. Costco Wholesale Corp.*, No. 19-CV-1293 JLS (BGS), 2019 WL 3183675, at *2 (S.D. Cal. July 16, 2019) (remanding to state court where statement of damages did not explain how plaintiff arrived at the estimate of $620,091.40 and where the only damage claim supported by the complaint was $20,091.40 in medical expenses).

Courts in the Ninth Circuit, in assessing whether a removing party has satisfied its burden is establishing the amount in controversy requirement, have "endorsed the Fifth Circuit's practice of considering facts presented in the removal petition as well as 'any summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Wheeler v. United Financial Casualty Co.*, No. 2:16-cv-01875-SB, 2016 WL 6781612, at *2, citing *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 1997)).

In her Complaint, Plaintiff asserts that she "slipped and fell on an unknown substance on the floor and fell violently to the floor, causing Plaintiff to sustain the serious injuries and damages described below." (Cmplt. at ¶ 8.) She further asserts that she was "hurt in her health, strength and activity, sustaining severe shock and injuries to her person, all of which said injuries have caused, continue

to cause, and will in the future cause Plaintiff great physical and emotional pain and suffering… [and] that said injuries are permanent in nature…" (*Id.* at ¶ 11.) In her prayer for relief, Plaintiff seeks general damages, medical, hospital and related expenses, loss of earnings, loss of future earning capacity, and pre- and post-judgment interests and costs of suit. (*Id.* at p. 5.)

Plaintiff's Statement of Damages should be received as "strong evidence" of the amount in controversy in this instance, particularly in light of the serious and permanent nature of the injuries Plaintiff allegedly sustained while a customer in one of Defendant's retail stores. While Plaintiff was not required to submit a statement of damages prior to serving the Complaint on Defendant, she elected to do so with the specific intent of having said statement served together with the Summons and Complaint.  While Plaintiff may not ultimately be able to recover as much as $2 million for her alleged injuries as is reflected in her Statement of Damages, as in *Jackson v. Target Corp., supra,* it is not a "bold optimistic prediction" to presume that Plaintiff seeks to recover *at least $75,000* where she has alleged over $2 million in general and special damages including medical, hospital and related expenses, loss of earnings, loss of future earning capacity, and pre- and post-judgment interests and costs of suit.

Accordingly, the amount in controversy in this action well exceeds $75,000, exclusive of interest and costs.

Because the amount in controversy exceeds $75,000, removal on the basis of diversity should be allowed pursuant to 28 U.S.C. § 1441(b).

## II.   Complete Diversity of Citizenship Exists Between Plaintiff and Defendant.

Plaintiff alleges at paragraph 1 of the Complaint that she is "an adult resident of Los Angeles County, California."  Plaintiff alleges at paragraph 2 of the Complaint that Defendant Walmart Inc. is a Delaware corporation.  Defendant admits that it was incorporated in the State of Delaware.

The Complaint also names "Lynnsie" as a defendant who is identified as "a supervisor and/or manager of the store at the time of Plaintiff's slip and fall." (Cmplt. at ¶ 3.) Plaintiff further alleges that "Lynnsie was responsible to verify that there was in place a policy which provided for the maintenance of the store according to industry standards, was responsible for the training and education of the store employees who were tasked with conducting the maintenance of the store, and was responsible for verifying that the store be maintained according to industry standards and sufficient policies and procedures." (*Id.*) Notably absent from the Complaint is *any* allegation that "Lynnsie" had any direct involvement in the slip and fall incident, that she was a witness to the incident, or that she was even on the store premises at the time.

Plaintiff's inclusion of "Lynnsie" as a party is clearly an effort to destroy diversity jurisdiction and to prevent Defendant from lawfully removing the dispute to this Court. "Lynnsie" was allegedly the person in charge of maintaining the store and keeping it in a reasonable safe condition for Defendant's patrons. Plaintiff has pled no additional material facts as to "Lynnsie" because she cannot. These bare-bone allegations are facially insufficient and fail to destroy diversity jurisdiction in this instance. Even presuming "Lynnsie" was a manager charged with the responsibilities enumerated in Plaintiff's Complaint, Plaintiff has not and cannot allege that she was involved in the alleged slip and fall incident, that she observed the incident, or even that she was present on store premises at the time. For these reasons, Defendant submits that Plaintiff has improperly joined "Lynnsie" as a party and the Court should disregard "Lynnsie's" citizenship for purposes of determining whether complete diversity exists here.

The Complaint also names "DOES 1-25" as defendants. (Cmplt. at p. 1.) For purposes of removal, however, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Therefore, the inclusion of "Doe" defendants in the state court Complaint has no effect on

removability.  In determining whether diversity of citizenship exists, only the named defendants are considered.  *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); *see also Olive v. Gen. Nutrition Ctrs., Inc.*, No. 2:12-cv-04297-ODW, 2012 WL 2006389, at *1 (C.D. Cal. June 5, 2012); *Marsikyan v. Porsche Cars N. Am., Inc.*, No. CV 11-09411 SJO, 2012 WL 280585, at *2 (C.D. Cal. Jan. 30, 2012).

### III.    The Other Prerequisites for Removal are Satisfied.

This Notice of Removal is timely filed.  The relevant statute provides that "[e]ach defendant shall have 30 days after receipt… of the initial pleading… to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B).  Plaintiff filed her Complaint with the state court on July 30, 2021.  Defendant was served with the Summons and Complaint on February 7, 2022.

This action is properly removed to the United States District Court for the Central District of California, Western Division, which is "the district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 84(c)(2) (listing the counties within the Western Division of the Central District of California).

Title 28 U.S.C. § 1446(a) requires a copy of all process, pleadings, and orders served upon the removing defendant in the state court action (21AVCV00609) to be included with this Notice of Removal.  True and correct copies of the following documents are attached hereto as:

- **Exhibit 1** – Summons and Complaint
- **Exhibit 2** – Statement of Damages
- **Exhibit 3** – Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, E-Filing Notice, and Notice of Case Assignment

Pursuant to 28 U.S.C. § 1446(d), a Notice to Adverse Party of Removal to Federal Court, attached hereto as **Exhibit 4**, together with this Notice of Removal, will be served upon counsel for Plaintiff, and will be filed with the clerk of the

7

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) DIVERSITY
BY DEFENDANT WALMART INC.

Superior Court for the County of Los Angeles.

By filing this Notice of Removal, Defendant does not waive any objections to jurisdiction or venue, and specifically reserves the right to assert any defenses and/or objections to which it may be qualified to assert.

If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to submit briefing and oral argument and to conduct discovery in support of its position that subject matter jurisdiction exists.

DATED: February 16, 2022                O'HAGAN MEYER


By:   _/s/ Theodore C. Peters_
Theodore C. Peters
*Attorneys for Defendant,*
*WALMART INC.*

EXHIBIT 1

Electronically FILED by Superior Court of California, County of Los Angeles on 07/30/2021 11:42 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Rojas, Deputy Clerk
21AVCV00609

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:** WALMART, INC., a Delaware corporation;
*(AVISO AL DEMANDADO):* LYNNSIE, an individual; and DOES 1-25, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:** JANA GUAGLIARDO, an individual.
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| Superior Court of California, County of Los Angeles 42011 4th Street West Lancaster, California 93534 | 21AVCV00609 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Zavosh Rashidi, Esq.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

DOWNTOWN LA LAW GROUP
601 N. Vermont Ave., Los Angeles, CA 90004

Sherri R. Carter Executive Officer / Clerk of Court   (213) 389-3765

| DATE: *(Fecha)* 07/30/2021 | Clerk, by *(Secretario)* M. Rojas | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

1. [  ] as an individual defendant.
2. [  ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* WALMART, INC., a Delaware corporation

   under: [X] CCP 416.10 (corporation)          [  ] CCP 416.60 (minor)
         [  ] CCP 416.20 (defunct corporation)      [  ] CCP 416.70 (conservatee)
         [  ] CCP 416.40 (association or partnership) [  ] CCP 416.90 (authorized person)

   [  ] other *(specify):*
4. [  ] by personal delivery on *(date):*

[SEAL]

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov Westlaw Doc & Form Builder |
|---|---|---|

Case 2:22-cv-01072-RSWL-JPR   Document 1   Filed 02/16/22   Page 11 of 30   Page ID #:11
Electronically FILED by Superior Court of California, County of Los Angeles on 07/30/2021 11:42 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Rojas,Deputy Clerk
21AVCV00609

Assigned for all purposes to: Michael Antonovich Antelope Valley Courthouse, Judicial Officer: Stephen Morgan

1  **Zavosh Rashidi, Esq. - State Bar No. 328399**
   **DOWNTOWN L.A. LAW GROUP**
2  601 N. Vermont Ave.
3  Los Angeles, CA  90004
   Tel: (213) 389-3765
4  Fax: (877) 389-2775
   Email:  Zavosh@downtownlalaw.com
5

6  Attorneys for Plaintiff
7  JANA GUAGLIARDO

8              SUPERIOR COURT OF CALIFORNIA

9              COUNTY OF LOS ANGELES

10

11  JANA GUAGLIARDO, an individual.          Case No.:  21AVCV00609

12                  Plaintiff,              **COMPLAINT FOR DAMAGES**

13       v.                                 1.  NEGLIGENCE

14  WALMART, INC., a Delaware corporation;   2.  PREMISES LIABILITY
    LYNNSIE, an individual; and DOES 1-25,
15  inclusive.
                                            [JURY DEMANDED]
16

17                  Defendants.

18                                          FSC: 09/21/2022
                                            TRIAL: 09/30/2022
19                                          OSC: 07/30/2024

20

21       COMES NOW, Plaintiff, JANA GUAGLIARDO, and alleges against Defendants,

22  and each of them, as follows:

23  1.      Plaintiff JANA GUAGLIARDO is an individual and is now, and at all times

24  mentioned in this complaint was, an adult resident of Los Angeles County, California.

25  2.      Plaintiff is informed and believes, and based upon such information and belief alleges

26  that at all times relevant hereto Defendants WALMART, INC., a Delaware corporation;

27  LYNNSIE, an individual; and DOES 1-25, inclusive, are, and at all times herein mentioned

28  were individuals, corporations, sole proprietors, shareholders, associations, partners and

                                    **1**
                           **COMPLAINT FOR DAMAGES**

Downtown L.A. Law Group
601 N. Vermont Ave.
Los Angeles, CA 90004

1    partnerships, joint venturers, and/or business entities unknown, primarily residing and doing

2    business in the county of Los Angeles, State of California.

3    3.       Plaintiff is informed and believes, and based upon such information alleges that

4    Defendant LYNNSIE was a supervisor and/or manager of the store at the time of Plaintiff's

5    slip and fall.  Based on information and belief, LYNNSIE is now, and at all times mentioned

6    in this complaint was, an adult resident of Los Angeles County, California. It is believed that

7    LYNNSIE was responsible for the maintenance of the store at the time of Plaintiff's slip and

8    fall, was responsible to verify that there was in place a policy which provided for the

9    maintenance of the store according to industry standards, was responsible for the training and

10   education of the store employees who were tasked with conducting the maintenance of the

11   store, and was responsible for verifying that the store be maintained according to industry

12   standards and sufficient policies and procedures.

13   4.       Defendants DOES 1-25, inclusive, are sued herein under fictitious names, their true

14   names and capacities being unknown to Plaintiff.  Plaintiff will amend this complaint to

15   allege their true names and capacities when ascertained.  Plaintiff is informed and believes

16   and thereon alleges that each of the fictitiously named Defendants is responsible in some

17   manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were

18   proximately caused by those Defendants.

19   5.       Plaintiff is informed and believes, and based upon such information and belief alleges

20   that at all times relevant hereto Defendants WALMART, INC., a Delaware corporation;

21   LYNNSIE, an individual; and DOES 1-25, inclusive, are, and at all times herein mentioned

22   where individuals, corporations, sole proprietors, shareholders, associations, partners and

23   partnerships, joint venturers, and/or business entities unknown, primarily residing and doing

24   business in the County of Los Angeles, State of California.  At all times herein mentioned,

25   said Defendants were the owners, lessors, sub-lessors, managing agents, landlords, renters,

26   managers, operators, marketers, inspectors, maintainers and controllers, of a commercial

27

28

1   property located at 37140 47th St E, Palmdale, CA 93552, (hereinafter referred to as "THE

2   SUBJECT PREMISES"), to which building the general public is invited to come.

3   6.     At all times herein mentioned, each of the Defendants were the agents, servants, and

4   employees of their co-defendants, and in doing the things hereinafter alleged were acting in

5   the scope of their authority as agents, servants, and employees, and with permission and

6   consent of their co-defendants. Plaintiff is further informed and believes, and thereon

7   alleges, that each of the Defendants herein gave consent to, ratified, and authorized the acts

8   alleged herein to each of the remaining Defendants.

## FIRST CAUSE OF ACTION

### NEGLIGENCE

### (Against All Defendants)

7.     Plaintiff re-alleges each and every allegation contained in the above Paragraphs 1

through 6, and by this reference incorporates said paragraphs as though fully set forth herein.

8.     On August 6, 2019 Plaintiff was lawfully on the premises of Defendants' store for the

purpose of purchasing miscellaneous items. Plaintiff was walking near the customer service

area of the subject premises when, suddenly and without warning, Plaintiff slipped on an

unknown substance on the floor and fell violently to the floor, causing Plaintiff to sustain the

serious injuries and damages described below.

9.     Said Defendants, and each of them, fully and well knew, or should have known in the

exercise of reasonable care, that the structures and/or components and/or other parts of said

building were in a dangerous and defective and unsafe condition, and a menace to Plaintiff

and others lawfully on said premises.

10.    By reason of the aforesaid negligence, carelessness and recklessness of Defendants,

and each of them, as aforesaid, and as a direct and proximate result thereof, a dangerously

dirty and/or wet floor that was not properly installed, maintained, cleaned and/or protected at

said property causing Plaintiff to sustain the injuries and damages as hereinafter alleged.

Downtown L.A. Law Group
601 N. Vermont Ave.
Los Angeles, CA 90004

11.     As a direct and proximate result of the negligence, carelessness and recklessness of Defendants, and each of them, as aforesaid, Plaintiff was hurt in her health, strength and activity, sustaining severe shock and injuries to her person, all of which said injuries have caused, continue to cause, and will in the future cause Plaintiff great physical and emotional pain and suffering; Plaintiff is informed and believes, and therefore alleges, that said injuries are permanent in nature, all to her damage in a sum according to proof.

12.     As a direct and proximate result of the negligence, carelessness and recklessness of Defendants and each of them, as aforesaid, Plaintiff has been required to obtain medical services, and Plaintiff has suffered severe emotional distress.

## SECOND CAUSE OF ACTION

### PREMISES LIABILITY

### (Against All Defendants)

13.     Plaintiff re-alleges each and every allegation contained in the above Paragraphs 1 through 12, and by this reference incorporates said paragraphs as though fully set forth herein.

14.     On August 6, 2019 Plaintiff was lawfully on the premises of Defendants' store for the purpose of purchasing miscellaneous items. Plaintiff was walking near the customer service area of the subject premises when, suddenly and without warning, Plaintiff slipped on an unknown substance on the floor and fell violently to the floor, causing Plaintiff to sustain the serious injuries and damages described below.

15.     On or about August 6, 2019, Defendants WALMART, INC., a Delaware corporation; LYNNSIE, an individual; and DOES 1-25, inclusive, carelessly and negligently owned, rented, managed, leased, supervised, inspected, operated, maintained and/or controlled the premises located at or near 37140 47th St E, Palmdale, CA 93552, such that it was in a dangerous, defective and unsafe condition in conscious disregard for the risk of harm to invitees thereon. By reason of said carelessness, negligence and conscious disregard of the

Downtown L.A. Law Group
601 N. Vermont Ave.
Los Angeles, CA 90004

4

1  Defendants, and each of them, said premises were unsafe and dangerous to the general public

2  and specifically Plaintiff, JANA GUAGLIARDO.

3  16.  Defendants WALMART, INC., a Delaware corporation; LYNNSIE, an individual;

4  and DOES 1-25, inclusive, and each of them, failed to warn Plaintiff of said dangerous,

5  defective and unsafe condition, although said Defendants, and each of them, knew of said

6  condition.

7  17.  As a direct and legal result of said carelessness, negligence and conscious disregard

8  of Defendants WALMART, INC., a Delaware corporation; LYNNSIE, an individual; and

9  DOES 1-25, inclusive, and each of them, Plaintiff was seriously injured when she slipped

10  and fell on a dangerously dirty and/or wet floor that was not properly installed, maintained,

11  cleaned and/or protected at said property causing Plaintiff to sustain the injuries and damages

12  as hereinafter alleged.

13  **PRAYER FOR RELIEF**

14  WHEREFORE, Plaintiff demands judgment against Defendants as follows:

15  1.  For general damages in a sum according to proof;

16  2.  For medical, hospital, and related expenses according to proof;

17  3.  For loss of earnings according to proof;

18  4.  For loss of future earning capacity according to proof;

19  5.  For pre- and post-judgment interest and costs of suit incurred herein;

20  6.  For such other and further relief as this Court may deem proper.

21

22

23

24  DATED:  July 30, 2021                **DOWNTOWN L.A. LAW GROUP**

25

26

27                                        BY: Zavosh Rashidi, Esq.
                                          Attorney for Plaintiff,
28                                        JANA GUAGLIARDO

Downtown L.A. Law Group
601 N.Vermont Ave.
Los Angeles, CA 90004

5

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues so triable.

DATED:  July 30, 2021

DOWNTOWN L.A. LAW GROUP


BY: Zavosh Rashidi, Esq.
Attorney for Plaintiff,
JANA GUAGLIARDO

Downtown L.A. Law Group
601 N. Vermont Ave.
Los Angeles, CA 90004

COMPLAINT FOR DAMAGES

EXHIBIT 2

Zavosh Rashidi, SBN 328399
**DOWNTOWN L.A. LAW GROUP**
601 N Vermont Ave
Los Angeles, CA 90004
Tel.: (213) 389-3765
Fax: (877) 389-2775
Email: Zavosh@downtownlalaw.com

Attorneys for Plaintiffs
JANA GUAGLIARDO

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| JANA GUAGLIARDO, an individual. | Case No.: 2 1AVCV00609 |
| Plaintiff, | |
| v. | **STATEMENT OF DAMAGES** |
| WALMART, INC. a Delaware corporation; LYNNSIE, an individual; and Does 1 to 25, inclusive, | |
| Defendants. | |

Plaintiff JANA GUAGLIARDO, hereby provides to Defendants the following Statement of Damages:

1. General Damages:      In excess of         $1,000,000.00
2. Special Damages:      In excess of         $1,000,000.00

///

///

///

///

///

1

STATEMENT OF DAMAGES

1    Plaintiff reserves the right to amend this Statement of Damages at a later time, as

2    Discovery develops.

3

4    DATED: February 2, 2022                    **DOWNTOWN L.A. LAW GROUP**

5

6                                               _____

7                                               Daniel Azizi, Esq.
                                                Zavosh Rashidi, Esq.
8                                               Attorney for Plaintiff,
                                                JANA GUAGLIARDO

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Downtown L.A. Law Group
601 N. Vermont Ave.
Los Angeles, CA 90004

**2**
**STATEMENT OF DAMAGES**

EXHIBIT 3

Electronically FILED by Superior Court of California, County of Los Angeles on 07/30/2021 11:42 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Rojas, Deputy Clerk
21AVCV00609

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Zavosh Rashidi, Esq.                                    SBN: 328399<br>DOWNTOWN LA LAW GROUP<br>601 N. Vermont Ave., Los Angeles, CA 90004<br>TELEPHONE NO.:(213) 389-3765        FAX NO.:(877) 389-2775<br>ATTORNEY FOR *(Name)*:JANA GUAGLIARDO | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 42011 4th Street West
MAILING ADDRESS: 42011 4th Street West
CITY AND ZIP CODE: Lancaster, CA 93534
BRANCH NAME: Michael Antonovich Antelope Valley Courthouse

**CASE NAME:** JANA GUAGLIARDO vs. WALMART, INC.; et. al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **21AVCV00609**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [X] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [X] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify)*:Two
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:7/30/21

Zavosh Rashidi, Esq.
_____        ▶        _____
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov*<br>Westlaw Doc & Form Builder |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: JANA GUAGLIARDO vs. WALMART, INC., et. al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☒ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: JANA GUAGLIARDO vs. WALMART, INC., et. al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: JANA GUAGLIARDO vs. WALMART, INC., et. al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment With Damages<br>☐ A6123  Workplace Harassment With Damages<br>☐ A6124  Elder/Dependent Adult Abuse Case With Damages<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name/Change of Gender<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

| SHORT TITLE: JANA GUAGLIARDO vs. WALMART, INC., et. al. | CASE NUMBER |
|---|---|

**Step 4:  Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br>☒ 1. ☐ 2. ☐ 3. ☒ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐  9. ☐ 10. ☒ 11. | ADDRESS:<br>at or near 37140 47th St E. |
|---|---|

| CITY:<br>Palmdale | STATE:<br>CA | ZIP CODE:<br>93552. |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Michael D. Antonovich Antelope Valley Courthouse District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 7/30/21

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.   Original Complaint or Petition.
2.   If filing a Complaint, a completed Summons form for issuance by the Clerk.
3.   Civil Case Cover Sheet, Judicial Council form CM-010.
4.   Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5.   Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6.   A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7.   Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA | Reserved for Clerk's File Stamp |
|---|---|
| **COUNTY OF LOS ANGELES** | |

COURTHOUSE ADDRESS:
Michael Antonovich Antelope Valley Courthouse
42011 4th Street West, Lancaster, CA 93534

**NOTICE OF CASE ASSIGNMENT**

**UNLIMITED CIVIL CASE**

**FILED**
Superior Court of California
County of Los Angeles

**07/30/2021**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ M. Rojas _____ Deputy

Your case is assigned for all purposes to the judicial officer indicated below.

CASE NUMBER:
21AVCV00609

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Stephen-Morgan | A14 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 08/10/2021
    (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By M. Rojas _____ , Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

EXHIBIT 4

1   **O'HAGAN MEYER**
    THEODORE C. PETERS (SBN 235115)
2   1601 Pacific Coast Highway, Suite 290
    Hermosa Beach, CA 90254
3   Tel: 310.807.1100 | Fax: 310.807.1115
    Email: tpeters@ohaganmeyer.com
4

5

6   *Attorneys for Defendant*
    *WALMART INC.*

7

8                    **SUPERIOR COURT OF CALIFORNIA**

9                       **COUNTY OF LOS ANGELES**

10

11  JANA GUAGLIARDO, an individual,        Case No. **21AVCV00609**

12              Plaintiff,                 **DEFENDANT WALMART INC.'S
                                           NOTICE OF FILING OF NOTICE OF
13       vs.                               REMOVAL**

14                                         *[Assigned for All Purposes to the Hon.
                                           Stephen Morgan in Department A14]*
15  WALMART, INC., a Delaware corporation;
    LYNNSIE, an individual; and DOES 1-25,
16  inclusive.                             Complaint Filed: July 30, 2021
                                           Trial Date:  None Set
17              Defendants.

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT WALMART INC.'S NOTICE OF FILING OF NOTICE OF REMOVAL**

1    **TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF**

2    **RECORD:**

3          **PLEASE TAKE NOTICE** that on February 16, 2022, Defendant Walmart Inc.

4    removed this action to the United States District Court for the Central District of California, by

5    filing a Notice of Removal in that Court.  A copy of the Notice of Removal is attached here to

6    as **EXHIBIT 1**.  Accordingly, and pursuant to 28 U.S.C. § 1446(d), this Court may proceed no

7    further unless and until the case is remanded.

8

9    DATED: February 16, 2022                    O'HAGAN MEYER

10

11

12                                               By: _____
                                                 Theodore C. Peters
13                                               *Attorneys for Defendant,*
                                                 *WALMART INC.*
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT  WALMART  INC.'S  NOTICE  OF  FILING  OF  NOTICE  OF  REMOVAL**